**James DeFRANK, Petitioner—Appellant,**

v.

**Joan PALMATEER, Respondent—Appellee.**

No. 01–36118.
D.C. No. CV–99–01789–ALA/TC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2002.

Decided Oct. 23, 2002.

Before BROWNING, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

We review *de novo* a decision to deny habeas relief. *Sanders v. Ratelle,* 21 F.3d 1446, 1451 (9th Cir.1994). We affirm the district court's decision to deny DeFrank's habeas corpus petition.

■ DeFrank's claim that his trial counsel rendered ineffective assistance by failing to object to prior bad acts evidence fails under both prongs of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, once his counsel made a pretrial objection the issue was preserved for appeal. *State v. Foster,* 296 Or. 174, 674 P.2d 587, 591–92 (1983). Second, there is no prejudice because De-Frank testified in his defense to about the same information that his counsel failed to object to.

■ Likewise, DeFrank's claim that his trial counsel unreasonably and prejudicially failed to object to an inaccurate statement by the prosecutor during closing argument fails. The comment by the prosecutor, while erroneous, was not so

outrageous as to mandate an objection from any reasonable trial counsel. *Cf. United States v. Molina,* 934 F.2d 1440, 1447–48 (9th Cir.1991). Moreover, the instructions commanded the jurors to disregard argument if it differed from their own recollections. *Cf. Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987). DeFrank's counsel also reminded the jury that counsels' arguments were not evidence. Thus, there was no prejudice.

■ We also do not agree that there was ineffective assistance by not properly instructing and supervising the defense ballistics expert. Counsel conceded at oral argument that DeFrank never expressly testified that his finger was partially depressing the trigger when the hammer of the gun slipped from his thumb in a less than a fully cocked position. Nor in our review did we find evidence that, *prior to his state collateral proceedings,* (a) this was clearly his testimony, or (b) he communicated this to his trial counsel. Therefore, we cannot say that his trial counsel performed unreasonably.

Considering the eight witnesses his trial counsel presented at the penalty phase, there is no reasonable probability that testimony regarding DeFrank's charitable acts of yard work would have produced a different verdict.

■ Finally, DeFrank's direct-appeal appellate counsel's decision not to raise the denial of a mistrial as an issue, which would have been reviewed for an abuse of discretion, was not ineffective assistance. A curative instruction was given after the testimony that led to the motion for a mistrial, *see State v. Brown,* 310 Or. 347, 800 P.2d 259, 269 (1990), and considering

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that DeFrank admitted to shooting the victim but only challenged his intent to do so, we are not persuaded that the testimony created an inference of intent. Thus, it was neither unreasonable nor prejudicial to fail to raise this issue in DeFrank's direct appeal.

We therefore AFFIRM the district court's denial of DeFrank's petition.

